Filed 1/11/24  P. v. Scott CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PRIDE LEE SCOTT,<br><br>    Defendant and Appellant. | G062141<br><br>(Super. Ct. No. 06NF3767)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pride Lee Scott challenges the summary denial of his petition for resentencing under former Penal Code section 1170.95 (now section 1172.6).[1]  His court-appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  This court gave Scott 30 days to file a supplemental brief on his own behalf.  None was filed.  In the interests of justice, we have examined the record on appeal and find no arguable error that could result in a disposition more favorable to Scott.  (*Delgadillo*, at p. 232.)  We thus affirm the postjudgment order.

## FACTS

On June 12, 2008, a jury convicted Scott of attempted murder of K.L. and found true that Scott personally inflicted great bodily injury (§ 12022.7, subd. (a)), personally used a firearm (§ 12022.53, subd. (b)), personally discharged a firearm (*id.*, subd. (c)), and personally discharged a firearm causing great bodily injury (*id.*, subd. (d)). The jury deadlocked on the allegation that the attempted murder was committed willfully, deliberately, and with premeditation (§§ 187, subd.(a), 664, subd. (a)), and a retrial of that issue was set for July.

On June 27, Scott pleaded guilty to attempted murder on a standardized plea form, which included waiver of a statute of limitations claim and various constitutional rights set forth in *In re Tahl* (1969) 1 Cal.3d 122, overruled on other grounds in *Mills v. Municipal Court* (1973) 10 Cal.3d 288, 291.  Scott also admitted he personally inflicted great bodily injury (§ 12022.7, subd. (a)), personally used a firearm (§ 12022.53, subd. (b)), and had a prior strike conviction (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)).  For the two other enhancement allegations (§ 12022.53,

---

[1]        Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  For clarity, we refer to the statute as section 1172.6 throughout the opinion.  All further statutory references are to the Penal Code.

subds. (c), (d)), the trial court vacated his prior pleas and the jury's true findings and dismissed those allegations. The court also dismissed two prior-strike conviction allegations (§§ 667, subd. (a)(1), 667.5, subd. (b)).

As the factual basis for his plea, Scott declared: "On July 27, 1998, in Orange County, I willfully and unlawfully with malice aforethought attempted to kill, [K.L.], a human being by shooting him in the head with a Colt Pony Pocketlite .380 caliber firearm. . . . I also admit that I personally inflicted great bodily injury on [K.L.], who was not an accomplice, during the commission of the offense." The trial court imposed a total prison sentence of 23 years.

In May 2022, Scott filed a petition for resentencing under section 1172.6 and counsel was appointed for him. The People filed a response to Scott's petition, arguing it should be denied. Scott filed a brief in support of the petition. At the prima facie hearing, the trial court denied the petition.

## DISCUSSION

Following *Wende/Delgadillo* guidelines, we have reviewed counsel's brief and the appellate record. To assist the court in its review, counsel identified two issues for our consideration: Did the trial court err in finding section 1172.6 did not apply to Scott's attempted murder conviction (1) because "he admitted to attempting to kill the victim"; or (2) because he "was not convicted under the natural and probable consequences theory?"

Section 1172.6 provides, in pertinent part, that a person convicted of "attempted murder under the natural and probable consequences doctrine" may petition to have that conviction vacated and to be resentenced on any remaining counts when three conditions apply: (1) a charging document filed against the petitioner allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (2) the petitioner accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of attempted murder; and (3) the

3

petitioner could not presently be convicted of that offense "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).) Resentencing relief is "unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' (Pen. Code, § 189, subd. (e)(3); see § 1172.6, subd. (a).)" (*People v. Strong* (2022) 13 Cal.5th 698, 710.) If the record of conviction demonstrates a petitioner is ineligible for relief as a matter of law, a court may summarily deny the petition. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–972.)

"Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing." (*People v. Lee* (2003) 31 Cal.4th 613, 623, superseded by statute on other grounds as stated in *People v. Rodriguez* (2022) 75 Cal.App.5th 816, 824.) Here, Scott admitted he "attempted to kill" the victim by "shooting him in the head" and personally inflicted great bodily injury on him. These admissions established Scott acted with express malice and could still be convicted of attempted murder under present law. Scott is thus ineligible for resentencing relief as a matter of law. (See *People v. Fisher* (2023) 95 Cal.App.5th 1022, 1030 [affirming order denying resentencing relief on two murder convictions and one attempted murder conviction because petitioner "did not merely plead guilty to murder and attempted murder: he expressly admitted to shooting and killing two people, and shooting and injuring a third person"]; *People v. Coley* (2022) 77 Cal.App.5th 539, 545–547 [denying resentencing relief because "[a]n intent to kill is the equivalent of express malice, at least when there is no question of justification or excuse, and by finding appellant guilty of attempted murder, the jury necessarily found he had personally harbored intent to kill or express malice when he aided and abetted the second degree murder"].)

4

Because Scott admitted to being the actual perpetrator of the attempted murder, he could not have been convicted under the natural and probable consequences doctrine or other theory imputing malice to him based solely on his participation in a crime.  (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204.)  This is because the doctrine "applies . . . to aiders and abettors and conspirators," not direct perpetrators.  (*People v. Covarrubias* (2016) 1 Cal.5th 838, 901.)

Our review of the entire record, including the matters identified by counsel, does not show the existence of an arguable issue.  (*Wende*, *supra*, 25 Cal.3d at pp. 442–443.)

**DISPOSITION**

The postjudgment order is affirmed.

DELANEY, J.

WE CONCUR:

GOETHALS, ACTING P. J.

GOODING, J.